# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN GERARD QUINN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 4:09CV166 |
| v. | § | |
| | § | |
| JESUS DAMIAN GUERRERO, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER, AND REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE REGARDING STAY OF CASE PENDING RESOLUTION OF RELATED CRIMINAL PROCEEDINGS**

Now before the Court is Defendants' Emergency Motion to Quash Depositions and Stay Case or in the Alternative Stay Discovery (Dkt. 18). In their motion, Defendants seek a stay of this case, arguing that pending criminal matters may bar Plaintiff's claims here. In the alternative, Defendants seek a stay of discovery in this case pending the resolution of their qualified immunity defenses. For the reasons set forth below, the Court finds that this matter should be stayed pending resolution of the criminal charges against Plaintiff.

In its December 3, 2009 order, this Court quashed the depositions of the depositions of Jesus Damian Guerrero and Rex Redden pending resolution of Defendants' Emergency Motion to Quash Depositions and Stay Case or, in the Alternative, Stay Discovery (*see* Dkt. 20). The Court now addresses whether the depositions should be permitted to go forward or whether the case should be stayed in its entirety.

1

In this suit, Plaintiff has sued various officers from the McKinney Police Department for their actions during a raid on his home and his subsequent arrest. Defendants seek a stay of this case pending resolution of criminal matters currently pending against Plaintiff John Gerard Quinn in state court. Defendants argue that a stay is warranted because, under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994), and its progeny, a criminal conviction in the pending criminal matters would bar Plaintiff's civil claims here. Plaintiff opposes the stay, arguing that *Heck* does not prevent his civil claims from proceeding while his criminal charges are pending and that he will be prejudiced by the passage of time associated with any stay. As set forth below, the Court is not persuaded by Plaintiff's position.

### **HECK STANDARD**

The well-settled principle under *Heck v. Humphrey* is that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87, 114 S. Ct. 2364; *see also Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000); *Sappington v. Bartee,* 195 F.3d 234, 235 (5th Cir. 1999). The Fifth Circuit explained the *Heck* analysis as follows:

> When a plaintiff alleges tort claims against his arresting officers, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If so, the claim is barred unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct

2

> appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

*DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007); *see also Ballard v. Burton,* 444 F.3d 391, 397 (5th Cir. 2006) ( "[i]f a judgment in the plaintiff's favor would necessarily imply that his conviction is invalid, then the § 1983 action is not cognizable unless the conviction were reversed on direct appeal, expunged, declared invalid or otherwise called into question in a habeas proceeding."). Thus, unless he proves that his conviction or sentence has been reversed, expunged or otherwise declared invalid, a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (citing *Ballard*, 444 F.3d at 396 (internal quotations omitted)).

Here, Plaintiff has not yet been tried for the criminal charges and they remain pending. When it is premature to determine whether a plaintiff's civil damages claims may be barred under *Heck*, the Fifth Circuit has counseled that this Court "may - *indeed should* - stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (emphasis added); *see also Busick v. City of Madison Mississippi*, 90 Fed. Appx. 713, 713 - 714 (5th Cir. 2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district

court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff); *Wallace v. Kato*, 549 U.S. 384, 399, 127 S. Ct. 1091, 1101, 166 L. Ed.2d 973 (2007) (noting propriety of stay of civil proceedings until completion of criminal action where *Heck* may bar damages claims); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("if some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay or, perhaps, abstention"). The Court finds that such a stay is warranted here.

## ANALYSIS

In order to determine whether any of Plaintiff's claims here might be barred by *Heck,* this Court is required to conduct a fact-specific analysis to determine whether success on his excessive force and other claims would require negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with a conviction on one of the underlying criminal charges. *Bush*, 513 F.3d at 497. If the factual basis for the conviction is not temporally and conceptually distinct from the excessive force claim, Plaintiff's claims will be barred under *Heck*; if they are distinct, the civil claims will not be barred. *Id.* at 498.

In this case, Plaintiff asserts the following causes of action against Defendants: violation of 42 U.S.C. §§ 1983 and 1985, assault, battery, intentional infliction of extreme mental anguish, conversion, malicious prosecution, false arrest, false detention/imprisonment, negligence, gross negligence, negligence per se, trespass to personalty, and attorney's fees. Plaintiff seeks actual damages in the amount of $7,392.217, punitive damages in the amount of $5,000,000, or, in the

4

alternative to actual damages, a nominal damage award in the amount of $10. Plaintiff's claims arise out of his August 4, 2006 arrest at his home, during which McKinney Police SWAT officers forcibly entered his home and apparently shot him.

According to the record before the Court, Plaintiff currently has two criminal charges pending against him arising out of the August 4, 2006 arrest. One is a charge for possession of controlled substances discovered during the search of his home on August 4, 2006. The other charge is one for aggravated assault of a police officer during the August 4, 2006 arrest.

The Court finds that Plaintiff's alleged civil rights violations and other tort claims in this case arise from the same facts attendant to the pending criminal charges – his August 4, 2006 arrest. The claims are not temporally distinct as they arise out of incidents occurring on the same date, and they are not conceptually distinct because they arise from the same set of facts. Plaintiff's complaint attacks the legality of the search and seizure of his home and effects, while some of the criminal charges against him relate to the items seized. *See* Dkt. 34. Plaintiff challenges the degree of force used in his arrest, but has been charged with assaulting a police officer during the same arrest. *See* Dkt. 34. The matters are related, and Plaintiff's claims here may directly implicate the validity of any conviction in the criminal matters and charges against him.

Curiously, although Plaintiff now claims that many of his civil claims have nothing to do with the pending criminal charges, Defendants have offered pleadings filed by Plaintiff prior to removal in which he argued that the civil claims and criminal charges were "intimately connected," both arising out of the August 4, 2006 arrest. *See* Dkt. 17-3. For him to now take an opposing

5

position is disingenuous and unsupported by the record.

Further, Plaintiff's equitable arguments regarding the potential effects of a stay do not outweigh the Court's concerns under *Heck*. The fact is that some, if not all, of Plaintiff's claims may be barred if he is convicted in the related proceedings. While Plaintiff appears unconcerned with Defendant's argument that proceeding with this case would be a waste of *Defendants'* resources, the Court is not. Significantly, it would be a waste of *the Court's* limited time and resources to handle claims which may ultimately be barred.

Plaintiff has also argued that the proposed stay of the case and discovery here is merely a tactic to deprive him of "evidence he can use to prove that he has not committed any crimes and to ensure the police tell the truth in the criminal trial." Dkt. 22 at p. 11. The Court has an opposite concern regarding the improper use of any discovery permitted here, no matter how limited it is. The Fifth Circuit has cautioned, "[p]retrial discovery in criminal cases is of course much more limited than discovery in civil cases, and so the district court must be careful, when exercising its considerable discretion over pretrial procedural matters, to give proper weight to the government's legitimate interests in protecting certain evidence and witnesses from pretrial exposure." *United States v. Melrose East Subdivision*, 357 F.3d 493, 507, n.17 (5th Cir. 2004).[1] Plaintiff's inability to

---

[1] The Supreme Court has also noted the importance of such protection of government time and witnesses in the context of qualified immunity, which has been raised here. *See Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed.2d 411(1985) ("even such pretrial matters as discovery are to be avoided if possible, as 'inquiries of this kind can be peculiarly disruptive of effective government.'"); *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009) ("The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'").

use civil discovery in his criminal case is not grounds for continuing with this case, and, in the Court's eyes, it is more of a reason to stay discovery altogether. The Court simply cannot fathom how it could construct a discovery plan that would balance the need to protect the interests and rights of all parties in the criminal matter with the need to have productive and relevant discovery in the civil matter.

The Court is sympathetic to Plaintiff's concerns about the effect that the passage of time may have on evidence and witnesses, but these concerns do not outweigh the considerations occasioned by *Heck* and other cases. However, Defendants, their agents, representatives, and employees are reminded of their obligation to preserve evidence, including electronic data, during the pendency of this suit. ***Any failure to fully comply with discovery obligations – including those of preservation of evidence – will not be tolerated by this Court***.

Until the criminal matters are concluded, however, the Court cannot determine which claims – if any – are barred by *Heck*. Therefore, the Court finds that Defendants' Emergency Motion to Quash Depositions and Stay Case or in the Alternative Stay Discovery (Dkt. 18) should be GRANTED in part and that this matter should be STAYED in its entirety until the criminal proceedings against Plaintiff are completed. Within fifteen (15) days of the completion of the criminal proceedings, the parties shall file a joint notice with the Court so that the stay may be lifted.[2] If the criminal proceedings are not completed within six (6) months of the date of this Order, the

---

[2]The Court notes that it has not addressed in this order Defendants' request for a stay based on their assertion of immunity defenses. Defendants may re-urge that issue, as appropriate, once the *Heck*-based stay is lifted.

parties are directly to file a joint status report indicating expected completion dates; additional status reports shall be filed every three (3) months thereafter, until the stay is lifted.

In light of the stay, the Court further finds that Defendants' Motion for Partial Dismissal Based on the Intracorporate Conspiracy Doctrine (Dkt. 27), Defendant's Motion to Dismiss Plaintiffs' Claims Against the Individual Defendants Based on Section 101.106 (Dkt. 29), and The Individual Defendants' Motion Dismiss Based on the Statute of Limitations and/or Collateral Estoppel (Dkt. 30) should be DENIED without prejudice to re-urging them, as appropriate, once the stay is lifted. Additionally, in light of this ruling, Plaintiff's Unopposed Motion to Delay Response to Defendants' Motions Pending Ruling on Motion to Stay Case (Dkt. 32) is DENIED as MOOT.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 28th day of January, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE